HAWTHORNE, Justice
(concurring).
The holding of the majority of this court in California Co. v. Price, 225 La. 706, 74 So.2d 1, commonly called the first Price case, that the bed of Grand Bay, a navigable arm of the sea, is susceptible of private ownership is clearly wrong for the numerous reasons given in the dissenting opinions. The correctness of that holding, however, is not now before us, for in this case we are called upon only to review the correctness of a judgment of the lower court sustaining a plea of res judicata.
In the first Price case a majority of the court concluded that the Price-Beckwith group was entitled to the accumulated oil royalties from eight producing oil wells situated in Grand Bay. To determine the ownership of these royalties it Was necessary for the court to determine the ownership of the bed of Grand Bay as between the State and the Price-Beckwith group, each claiming it adversely to the other. In holding that the Price-Beckwith group was entitled to the royalties from these eight wells the court concluded that the Beckwith Patent No. 1965 [225 La. 706, 74 So. 2d 7] “was tacitly confirmed and rendered unassailable by the inaction of the State and the provisions of Act No. 62 of 1912”. This conclusion could mean only that the ownership of the bed of Grand Bay as between the State and the Price-Beckwith group was vested in the latter, and that the lease granted by this group to the California Company was valid.
The instant case was brought to determine the ownership of the royalties accru *359 ing from additional wells which have been completed since the institution of the first Price case but which are located in Grand Bay within the area covered by Beckwith Patent No. 1965, already held by this court to be unassailable, and were drilled under the lease already held to be valid. Since it has been judicially determined by the majority in the first Price case that the Price-Beckwith group was entitled to the royalties there in dispute because of its ownership of that portion of Grand Bay covered by Patent No. 1965, and since the royalties here in dispute are from wells within the same area described in that patent and drilled under the same lease, that judgment is conclusive of the issue presented here.
As the trial judge so aptly says, “Every claim to title set up by the State in this case is a claim which the State either made or could have made in the prior suit, because all of these claims existed at the time of the first suit. The State therefore is bound by the first judgment even though some of its claims to title may have been omitted therefrom. Any other decision by this Court would lead to a ridiculous result. It would be absurd to say that the Price-Beck-with Group owns the lands covered by Patent No. 1965 for the purpose of determining the ownership of the royalties from eight wells located thereon, but does not own them for the purpose of determining the ownership of the royalties from seven additional wells located thereon.”